IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-22-789-R |
| DAVID BOWERS, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Raheem La'Monze Plater, a state prisoner appearing *pro se*, filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for review. On December 22, 2022, Judge Mitchell issued a Report and Recommendation (Doc. No. 14) recommending that the Court dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted. The matter is currently before the Court on Plaintiff's Objection to the Report and Recommendation (Doc. No. 15) which gives rise to this Court's obligation to undertake de novo review. Having done so, the Court finds as follows.

In his Complaint, Plater alleges that he was found to be in possession of a sharpened instrument at the Lawton Correctional Facility on April 4, 2021. (Doc. No. 1-1, at 6; Doc. No. 1-7). Plater claims that he "discovered the 'sharpened instrument'" and took it "directly

---

[1] Because Mr. Plater is a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

to the captain's office" intending to "concede possession to assist with prison security." (Doc. No. 1-1, at 6). A disciplinary hearing was set for April 29, 2021, for possession of a sharpened instrument. Although Plater was found not guilty, "the facility head ordered a rehearing" the next day. (Doc. No. 1-7). That rehearing was conducted on May 14, 2021, wherein Plater was found guilty. (*Id.*). Approximately two months later, the facility director's designee determined that "due process was not provided" because the facility head did not properly seek approval to conduct the second hearing. (*Id.*). Another rehearing was ordered to "be conducted within 15 days from the date of the order, unless circumstances dictate otherwise." (*Id.*); *see* Inmate/Offender Disciplinary Procedures, OP-060125 VIII.A.4.

Plater alleges that "Defendant Bowers undermined Due Process by d[e]liberately and recklessly refusing to [] obtain approval (in writing) from the director of Community Corrections and Contract Services prior to ordering a rehearing." (Doc. No. 1-1, at 5). He also contends that "Bowers then undermined . . . the order to conduct the rehearing in 15 days in order to extend the effect of the guilty sanctions for two months longer than normally possible." (*Id.*). In total, Plater claims he was wrongfully denied unspecified privileges from May 14, 2021, to September 24, 2021. Plater alleges that he received various sanctions for four months in violation of (1) his due process rights and (2) right to equal protection, and that these sanctions (3) constituted fraud under Oklahoma law and common law.

**I.     Due Process Claim**

In her Report, Judge Mitchell recommends dismissing Plater's due process claim for failure to state a claim because he did not specify what privileges he was denied during the alleged four-month sanction period.[2] (Doc. No. 14, at 6-7). In his Objection to the Report, Plater contends that he was denied his constitutional rights to marriage and intimate association. (Doc. No. 15, at 2). Specifically, Plater states that the delay in scheduling his rehearing forced him to postpone his marriage by several months, and that during that time, Bowers "explicitly refused to swap the visitation sanction with phone privileges after being put on notice of Plaintiff's intention to marry." (Doc. No. 15, at 2-3).

While prisoners have a constitutional right to marry, Plater has failed to allege sufficient facts to establish that he was denied this right.[3] He makes no mention of marriage in his Complaint, and he has not provided the Court with material facts such as who he intended to marry, when the marriage was originally scheduled to take place, or whether the marriage has since taken place. Thus, Plaintiff's due process claim is dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[2] The Report and Recommendation includes a recommendation that the Court grant leave to amend the Complaint within twenty days of any order adopting the Report. (Doc. No. 14, at 10). As set forth below, the Court adopts this recommendation.

[3] The Supreme Court recognizes that prisoners have a constitutional right to marry, but that this right may be limited so long as the limitation is reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 95-96 (1987).

## II. Equal Protection Claim

Plater alleges that the rehearing ordered by the Director's Designee was delayed two months, constituting a violation of his equal protection rights. (Doc. No. 1, at 7; Doc. No. 1-7). Judge Mitchell recommends dismissing Plater's equal protection claim because Plater did not allege that Bowers "treated him differently than a similarly situated individual or group." (Doc. No. 14, at 7). In his Objection, Plater contends that he was treated differently "because [Bowers] did not obtain proper authority to override the misconduct report unlike the entire inmate population of the State of Oklahoma . . . whom have received proper due process when overturning a misconduct that deprives them liberty interests." (Doc. No. 15, at 4). He also asserts that "Bowers did not employ fair procedures when depriving Plaintiff his right to intimate association." (Doc. No. 15, at 5).

The Court finds that Plaintiff has not alleged facts in his Complaint sufficient to establish "above the speculative level" that he was intentionally treated differently from others similarly situated to him. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). Plater's blanket assertion that "the entire inmate population of the State of Oklahoma" has received different treatment is vague and conclusory. *See Bunton v. Gunter*, 13 F.3d 404 (Table), No. 93-1204, 1993 WL 492981, at *3 (10th Cir. Nov. 30, 1993) (holding that the defendant's equal protection claim was conclusory and unsupported by underlying facts because the inmate failed to specify that other inmates with similar conduct records had received different treatment).

To appropriately analyze whether Bowers violated Plater's rights to equal protection by waiting two months to conduct his rehearing, Plater must plead specific facts

4

demonstrating that other inmates accused of disciplinary misconduct were not subjected to similar delays. Plater has not alleged any facts in his Complaint to suggest that other similarly situated inmates were treated differently, or that he was treated differently based on his sex, race, religion, or membership in another cognizable group under an equal protection "class-of-one" theory. *See Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012). Accordingly, Plater's equal protection claim is dismissed for failure to state a claim upon which relief may be granted.

### III.  State Fraud Claim

Plater alleges that Defendants have perpetrated actual and constructive fraud in violation of Oklahoma law and the common law. (Doc. No. 1, at 7). In her Report, Judge Mitchell recommends dismissal of the fraud claim because (1) it lacks federal question jurisdiction under 28 U.S.C. § 1331, and (2) 42 U.S.C. § 1983 cannot be utilized as a vehicle to invoke the Court's subject matter jurisdiction. (Doc. No. 14, at 8-10). Plater argues in objecting to the Report that the Court may exercise supplemental jurisdiction to hear his state law fraud claim. (Doc. No. 15, at 6).

When a district court dismisses all federal claims, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998). Here, because the Court is granting Plater leave to amend his federal claims, it would be premature to dismiss the state law fraud claim based on subject matter jurisdiction. The Court notes, however, that Plater's state

law fraud claim has not been plead with particularity as required by Fed. R. Civ. P. 9(b).[4] Thus, the state law fraud claim is dismissed.

### IV.   Conclusion

The Report and Recommendation (Doc. No. 14) is ADOPTED to the extent it is consistent with the above and this matter is DISMISSED WITHOUT PREJUDICE. In accordance with the Report, Plaintiff is granted leave to file an Amended Complaint within twenty (20) days of entry of this Order curing the deficiencies identified herein. Should Plaintiff fail to timely amend, the case will be closed.

**IT IS SO ORDERED** this 8th day of February 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Though the language of Okla. Stat. tit. 12, § 2009(B) provides the statutory directive for pleading allegations of fraud in Oklahoma courts, the elements necessary to prove fraud derive from the traditional common-law requirements. *Gay v. Akin*, 766 P.2d 985, 989 (Okla. 1988). To establish a fraud claim, Plaintiff must demonstrate: (1) a material misrepresentation; (2) known to be false at the time made; (3) made with specific intent that a party would rely on it; and (4) reliance and resulting damage. *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). "Actual fraud requires the intentional misrepresentation or concealment of a material fact which substantially affects another person. Constructive fraud is a breach of either a legal or equitable duty that does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose." *Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1138 (Okla. Civ. App. 2015) (citing *Faulkenberry v. Kansas City Southern Railway Co.*, 602 P.2d 203, 206 (Okla. 1979)).