IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-789-R |
| | ) |
| DAVID BOWERS, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the Court is Plaintiff's Motion for Relief from Judgment [Doc. 22] pursuant to FED. R. CIV. P. 60(b)(1). This Court entered judgment dismissing this action [Doc. 21] on June 6, 2023, following the summary adoption of a Magistrate Judge's Report and Recommendation [Doc. 19]. Plaintiff had twenty-one days from the filing of the Report and Recommendation to file a timely Objection. Instead of filing by his deadline of May 19, 2023, Plaintiff filed the instant Motion over a year later. Such delay prohibits relief from this Court.

The language of the Rule is clear:

> Rule 60(b)(1) permits a district court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect," so long as the motion is filed "within a reasonable time," and, at most, one year after the entry of the order under review. *See* Fed. Rules Civ. Proc. 60(b)(1), (c)(1). Meanwhile, Rule 60(b)(6) permits reopening for "any other reason that justifies relief," so long as the motion is filed "within a reasonable time." Rule 60(c)(1).

*Kemp v. United States*, 596 U.S. 528, 531-32 (2022). While the deadline for a Rule 60(b)(6) motion is not firm, "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom*

*Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (providing examples of "unanticipated intervening change[s] of circumstances" as extraordinary cases where relief was granted).

Here, Plaintiff is not entitled to relief from the 2023 Judgment. Plaintiff's Motion under Rule 60(b)(1) is out of time. One year after the entry of Judgment was June 6, 2024; Plaintiff mailed this Motion to the Court on June 11, 2024. Doc. 22-2. Thus, relief under Rule 60(b)(1) is unobtainable. Even if the Court were to consider the Motion under Rule 60(b)(6), Plaintiff has not provided an example of any extraordinary circumstance that would compel this Court to revisit the 2023 Judgment. Moreover, the objections to the Report and Recommendation that Plaintiff puts forward in the Motion are baseless. Plaintiff points only to outdated Supreme Court precedent for support.[1] Current precedent refutes Plaintiff's objections. Thus, reopening Plaintiff's action under Rule 60 is neither appropriate nor "necessary to accomplish justice." *Cashner*, 98 F.3d at 579. Plaintiff's Motion is DENIED.

**IT IS SO ORDERED** this 25th day of June 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's arguments regarding the creation of due process interests for prisoners are based on the *Hewitt v. Helms* methodology. 459 U.S. 460 (1983). The *Hewitt* methodology was "abandon[ed]" by the Court and rebuked strongly in *Sandin v. Conner*, 515 U.S. 472, 483 n.5 (1995). Plaintiff's argument fails under the *Sandin* framework.